This is an adjourned Case from the Superior Court of Lewis county. The Defendant was indicted under the Act of Assembly for the disturbance of a religious meeting. The Indictment was in the following words: “Virginia, Lewis county, to wit: The Jurors for the Commonwealth of Virginia, and for the body of the county of Lewis, upon *their oath present, that William Daniels, late of the county of Lewis, yeoman, on the sixth day of October, in the year of our Lord one thousand eight hundred and twenty-two, with force and arms, at a place commonly called the Elat Woods, in the county of Lewis, and within the jurisdiction of the Superior Court of Law for said county of Lewis, during religious worship, did, on purpose, maliciously, and contemptuously disquiet, and disturb, a certain congregation of Methodists, being then and there lawfully assembled, for the purpose of religious worship, in contempt of public worship, to the evil example of all others in like cases offending, contrary to the form of the Statute in that case made and provided, and against the peace and dignity of the Commonwealth.” To this Indictment, the Defendant demurred, and the Attorney for the Commonwealth joined in demurrer. The Judge of the Court adjourned the questions of Law arising on the demurrer, to this Court, and requested its opinion on this question ; ‘ ‘Is it necessary to set out in the Indictment the means by which the disturbance or disquieting was offered?”
After hearing a written argument on the part of the Defendant, a majority of the Judges, consisting of White, Holmes, Brockenbrough, Johnston, R. E. Parker, and Bouldin, concurred in the following opinion, which was delivered by Brocken-brough, J.
This Indictment sets forth the place where, the time when, as well as the denomination of religious persons to whom the disturbance was offered. It also charges the Defendant with the offence in the very words of the Statute, (a) But it is urged, that as the time at which it is offered may be proved to have been different from that alleged, the want of an averment as to the means by which the disturbance was effected, renders the Indictment too uncertain to be supported. We do not doubt that it is a correct mode of drawing an Indictment, to charge the means by which the disturbance was caused, where those means can be ascertained, but when we find that an Indictment similar to this, founded on an English Statute, bearing a great resemblance to ours, has been acted on in the *Court of King’s Bench, and a judgment thereon rendered against sundry persons, for the penalty prescribed by that Statute, we are of opinion that the question is sufficiently settled.
The Toleration Act of 1 William and Mary, ch. 18, $ 18, declares, that if any persons shall willingly and of purpose, maliciously, or contemptuously, come into any Cathedral, &c. or other congregation permitted by the Act, and disquiet or disturb the same, upon conviction of the same at *288 the General or Quarter Sessions, they shall suffer the pain and penalty of twenty pounds. An Indictment framed on this Act, charged the Defendants, that they did ■wilfully, and of purpose, maliciously and contemptuously come into a certain Chapel, &c. and did then and there wilfully, and of purpose, during Divine Worship, maliciously and contemptuously disquiet, and disturb a certain congregation of Protestant Dissenters, &c. This Indictment, which was found at the Quarter Sessions, was removed by Certiorari, and was tried before Cord Kenyon, at the Nisi Prius Session at Westminster, and the . Defendants there convicted. The record of the conviction being carried into the King’s Bench, a motion was there made to arrest the judgment, on the ground that the Certiorari would not lie, and that there was a defect of jurisdiction in the Court where the conviction was had, because by the Statute, the conviction must be, as was contended for, before the Quarter Sessions. The Court over-ruled the motion, and after deciding several other questions of Daw, judgment was rendered against the Defendants, thereby affirming that the Indictment was good, (b) This Indictment is copied by Chitty, in his book of Precedents, (c) a.nd in another page (d) he gives us an Indictment on 52 Geo. 3, exactly similar to the one at bar.
But it is urged that there is a considerable difference between the said Statute of 1 William and Mary, and the subsequent one of 52 George 3, which last is almost in the very words of our Act. The difference is said to be this, that by the former the gist of the offence consists in the malicious, and contemptuous coming into the Dis-sen ting- *Chapel, and that the' dis-
quieting, . or disturbance of the congregation, is only an incident; whereas by the latter Act, the disturbance is itself the gist of the offence. We think, however, that this is not the difference between the two Statutes; By the Act of William and ídary, the coming into the Chapel, however contemptuous and malicious, was not sufficient to create the offence without making the disturbance: and as- it was a Penal Daw and strictly construed, the strong probability is, that it had been adjudged that the disturbance of a Dissenting Congregation was not punishable unless the party came into the Chapel, &c. To remedy this, and to protect the Dissenters against the disturbers from without as well as from within, the latter Act of 52 George 3, was passed. Whatever Indictment then was good under the Statute of William and Mary, was good also under the last Act; and also under ours, which seems to have been copied from the Act of William and Mary, leaving out the words “come into.” We think we ought to be influenced by the precedent which we have quoted, and sanction by'our decision an Indictment, the support of which, will do no injury to the community.
It may further be remarked, ihat there seems to be but little difference in point of certainty between the simple averment of a disturbance and disquieting in the words of the Act, and the averment that the Defendants did‘make- divers great cries, noises and disturbances, to disturb and disquiet, and did then and there disturb and disquiet, &c.” or this averment, “that they did disquiet and disturb the congregation, by then and there talking, laughing, cursing and swearing with a loud voice,” both of which are to be found in approved precedents as copied by Chitty.
On the whole matter, we are of opinion that it should be certified, “that it is not necessary in an Indictment for disturbing a religious congregation, to set out the means by which the disturbance or disquieting was offered. ’ ’

 1 Rev. Code of 1819, ch. 141, § 4, p. S55.

 The King v. Hube and others, 5 Term Rep. 542.

 2 Chitty’s Or. Law, 24.

 Ibid, 27-28.